THE CHATTANOOGA, ROME AND COLUMBUS RAILROAD
COMPANY *v.* BROWN.

A railroad company which has purchased from the owner of land a right of way through the same, is liable to the tenant of that owner for any damage sustained by its having thrown down the fence enclosing and protecting his growing crops, in consequence of which cattle entered and destroyed those crops; irrespective of whether or not the landlord would be liable for failure to keep up the fence. In the absence of evidence as to how much less the cost of protecting the crops would be than their value, a verdict for less than that value was sustained.

January 15, 1890.

Torts.  Railroads.  Damages.  Landlord and tenant. Before Judge MEYERHARDT.  City court of Floyd county.  March term, 1889.

Reported in the decision.

DABNEY & FOUCHÉ, for plaintiffs in error.
C. A. THORNWELL and J. BRANHAM, *contra.*

BLANDFORD, Justice.

Brown brought his action against the railroad company to recover damages on account of its wrongful act in tearing down a fence which protected his growing crops, whereby cattle entered upon and destroyed the

same; and a verdict was rendered in his favor, assessing his damages at $5. Brown was the only witness for himself, and his testimony tended to sustain the allegations in his declaration. The only testimony submitted on the part of the railroad company was a deed of conveyance to the right of way through the land occupied by Brown, which deed was made by the landlord of Brown to the railroad company; and the contention of the railroad company, the plaintiff in error here, is that inasmuch as it had purchased from Brown's landlord the right of way through this land, there was no obligation upon the part of the company to put up stock-gaps to protect Brown's crops, and that it had a right to pull down the fence, and if Brown suffered any damage the company was not liable therefor, but his landlord was, and this action should have been brought against the landlord. The railroad company contended further that the only damages which Brown could recover would be for the costs and expenses of building fences around the land occupied by his crops.

With this view of the case we do not concur. Whether Brown's landlord would be liable to him or not in case of the landlord's failure to keep up the fence around the land rented to Brown, is a question which it is unnecessary for us to decide; but we do hold that the railroad company is liable for any damage which Brown sustained by reason of its having thrown down the fence, in consequences of which cattle entered upon the premises and destroyed his crops; and that it is liable for the value of the crop so destroyed, there not appearing any evidence in the record as to how much less the cost and expense of protecting the crops would be than the value of the crops thus destroyed. It appears to us from this record that the recovery was not equal to the value of the crops destroyed. So we think that the verdict of the jury was sustained by the evidence.

v 84-17

There was no error on the part of the court in instructing the jury as it did, and in refusing to charge as requested by the plaintiff in error.  *Judgment affirmed.*